**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUILLERMO VALENCIA DIAZ, | No. 17-72740 |
| Petitioner, | |
| v. | Agency No. A206-408-965 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Guillermo Valencia Diaz, a native and citizen of Mexico, petitions for

review of the Board of Immigrations Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

    \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statues and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Valencia Diaz does not make any arguments challenging the agency's dispositive conclusion that his asylum application was untimely and that he failed to establish any changed or extraordinary circumstances. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's conclusion that Valencia Diaz failed to establish he suffered past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (explaining that persecution is "an extreme concept") (quotation and citation omitted); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (quotation and citation omitted). Substantial evidence also supports the BIA's determination that Valencia Diaz failed to

establish it is more likely than not that he would be persecuted on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial") (emphasis in original); *see also Ramirez -Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" does not constitute a particular social group). Thus, Valencia Diaz's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Valencia Diaz failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Finally, we lack jurisdiction to consider Valencia Diaz's ineffective assistance of counsel claim because he failed to raise this issue to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

17-72740

3